UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 19-294-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| ORENTHA PEA | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

In the above-captioned case, the Government has filed a notice of intent to introduce other acts evidence [Record Document 56] and a related motion for a pretrial determination of the admissibility of this evidence [Record Document 57]. The motion requests permission to introduce three categories of evidence. First, it seeks to introduce evidence of the events leading up to the arrest of the Defendant, Orentha Pea ("Pea"), arguing this evidence is admissible as intrinsic evidence, or alternatively, permissible extrinsic evidence pursuant to Federal Rule of Evidence 404(b). Second, the Government seeks to introduce evidence that Pea owned and possessed the charged firearm from approximately June 2018 until the time of his arrest, submitting that this evidence is intrinsic to the charged offense, or in the alternative, is admissible extrinsic evidence. Third, the Government seeks to admit evidence that Pea knowingly possessed a firearm in relation to his 2013 conviction for aggravated battery.

The Court addressed this motion at the January 11, 2021 status conference with the parties. See Record Document 62. There, it ruled that the first category of evidence would be admitted at trial. It reserved ruling on the second and third categories for the reasons enunciated in the minutes of that status conference. See id. The purpose of the

1

instant order is to memorialize for the record the Court's reasons for admitting the first category of evidence—the events preceding Pea's arrest in this case.

Pea has been indicted with unlawful possession of a firearm. His arrest in this case stemmed from a series of events on January 13 and 14, 2019, culminating in the victim calling 9-1-1 and reporting that Pea was inside her house, armed with a gun. Upon the arrival of police, they found Pea inside the house and also discovered a loaded pistol in a utility closet in the house. That gun had Pea's DNA on it. The evidence that the Government seeks to admit is what happened in the twenty-four or so hours leading up to this arrest. The victim will testify that during that time, Pea pointed a gun at her, threatened to blow her brains out, and entered her home and again threatened her with a gun, amongst other things. It was these preceding events that prompted the 9-1-1 call to which police responded and because of which they searched the victim's house for a gun.

During the January conference, defense counsel conceded the victim's testimony of these events was generally relevant and admissible, however, he was concerned about the scope of the evidence. This is because the victim has allegedly been the subject of several domestic abuse encounters with Pea over the years, and defense counsel feared the victim's testimony of the period directly preceding Pea's arrest may stray into testimony of prior assaults committed by him or other occasions when he may have threatened her. In response to that concern, the Government agreed that the prior history between the victim and Pea would be a separate issue and that the testimony to be elicited

by the Government would be limited to the hours preceding Pea's arrest, would be factual in nature, and would not touch upon a past history of abuse.

As announced during the status conference, the Court finds the evidence is intrinsic and not unduly prejudicial. "Evidence of an act is intrinsic when it and evidence of the crime charged are inextricably intertwined, or both acts are part of a single criminal episode, or it was a necessary preliminary to the crime charged. Intrinsic evidence is admissible to complete the story of the crime by proving the immediate context of events in time and place and to evaluate all of the circumstances under which the defendant acted." United States v. Girod, 646 F.3d 304, 319 (5th Cir. 2011). Intrinsic evidence naturally "allow[s] the government to tell the whole story of a . . . criminal episode." United States v. Rice, 607 F.3d 133, 141 (5th Cir. 2010). "Evidence that is inextricably intertwined with the evidence used to prove a crime charged is not extrinsic evidence under Rule 404(b)." United States v. Royal, 972 F.2d 643, 647 (5th Cir. 1992) (internal marks omitted). When the evidence is intrinsic to the charged offenses, "it is not *other* bad acts evidence, but rather additional facts surrounding the charge[s] at issue." United States v. Lockhart, 844 F.3d 501, 512 (5th Cir. 2016). Because "[i]ntrinsic evidence does not implicate rule 404(b), . . . consideration of its admissibility pursuant to [that rule] is unnecessary." Rice, 607 F.3d at 141.

Here, the Government's proffered evidence squarely fits the definition of intrinsic evidence. This evidence places the charged conduct in context and completes the story behind the criminal activity alleged in the indictment. That is, this evidence helps the Government to explain why the victim called 9-1-1, why she accused Pea of having a gun,

why police responded, and why police found Pea at the victim's house.  The intrinsic events occurred within a span of hours, they directly preceded Pea's arrest, and they involved the same two characters—Pea and his victim.  Furthermore, the intrinsic evidence involves the very same gun charged in the indictment, and, more importantly, places the gun in Pea's hands before police arrived; as such, this is directly relevant to a disputed element of the offense.  This evidence plainly constitutes a single criminal episode.  To be sure, the victim's testimony to the jury would be confusing and incomplete if it omitted all of this background evidence which places the discovery of the gun in the proper context.  See United States v. Coleman, 78 F.3d 154, 156 (5th Cir. 1996) (evidence of two attempted luxury carjackings earlier in the day before the charged carjacking "helped place the entire events of the evening in context").  Thus, the Court holds that this evidence is intrinsic to the charged offense and, consequently, is beyond the reach of Rule 404(b).

      The Fifth Circuit has held that the Federal Rule of Evidence 403 balancing test should *generally* not be used to exclude intrinsic evidence because intrinsic inculpatory evidence is by its very nature prejudicial.  See United States v. Sudeen, 434 F.3d 384, 389 (5th Cir. 2005).  Here, even if the probative value was weighed against the danger of undue prejudice, the Court finds the evidence is not unduly prejudicial in light of the other evidence being admitted in this trial.  That is, at a minimum, the jury will be told both that Pea has been convicted of a felony offense and that Pea has been convicted of domestic violence.  Thus, the intrinsic evidence is similar to but not necessarily more harmful than the other facts the jury will learn.  Accordingly, the intrinsic evidence is not unduly prejudicial, and the Government's motion to admit this evidence is **GRANTED**.

In the alternative, the Court finds the evidence is admissible under Rule 404(b). Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of the person in order to show action in conformity therewith, but may be admissible for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Here, the Court finds the victim's testimony regarding Pea's possession and use of the gun in the hours preceding his arrest is probative of motive, opportunity, intent, plan, knowledge, and/or lack of mistake or accident.

Admissibility of Rule 404(b) evidence is governed by United States v. Beechum, 582 F.2d 898 (5th Cir. 1978). Beechum imposes a two-step analysis to determine the admissibility of extrinsic act evidence: (1) the court must first determine whether the extrinsic act is relevant to an issue other than the defendant's character; and (2) the court must ensure the probative value of the evidence is not outweighed by its prejudice. Id. at 911. "Rule 404(b) is designed to guard against the inherent danger that the admission of 'other acts' evidence might lead a jury to convict a defendant not of the charged offense, but instead of an extrinsic offense. . . . 'This danger is particularly great where . . . the extrinsic activity was not the subject of a conviction; the jury may feel that the defendant should be punished for that activity even if he is not guilty of the offense charged.' " United States v. Sumlin, 489 F.3d 683, 689 (5th Cir. 2007) (quoting United States v. Ridlehuber, 11 F.3d 516, 521 (5th Cir. 1993)).

The probative value of extrinsic evidence is not an absolute, but must be determined with regard to various factors, such as the extent to which the defendant's

unlawful intent is established by other evidence, the overall similarity of the extrinsic and charged offenses, and the amount of time that separates the extrinsic and charged offenses. Temporal remoteness of extrinsic evidence may weaken its probative value, but the age of an act is not a bar under Rule 404(b). See United States v. Broussard, 80 F.3d 1025, 1040 (5th Cir. 1996).

Here, this evidence is admissible under Rule 404(b). It is relevant to establish a disputed element of the offense—Pea's possession of a firearm. Testimony that shows him brandishing the gun and/or threatening to shoot the victim with that gun tends to prove that his possession of the gun was both knowing and intentional. Relatedly, the evidence tends to disprove that the possession was by accident or mistake. The evidence may also help to establish that Pea had the motive, opportunity, and plan to possess the gun in the hours leading up to his arrest. Further, if the Government pursues a theory of constructive possession, as opposed to actual possession, the victim's testimony would help to establish Pea's intent to exercise dominion and control over the gun.

The Court notes that Pea's possession of the gun may be established by other evidence, that is, expert testimony that his DNA was found on the gun. That factor has been taken into consideration in the Court's analysis. However, on balance, the probative value of the evidence outweighs any undue prejudice. The evidence is directly relevant to a disputed element of the charged offense, and it has the tendency to prove an authorized purpose under Rule 404(b) (motive, opportunity, plan, intent, knowledge, and lack of mistake or accident). The Court also recognizes the similarity between the extrinsic evidence and the charged conduct, as well as the close temporal proximity between the

two. The probative value is not outweighed by any undue prejudice that may occur upon admission of this evidence. Accordingly, the Government's motion [Record Document 57] is **GRANTED IN PART** and the evidence of Pea's actions in the hours preceding arrest is deemed admissible.[1]

The Court will provide a limiting instruction to the jury. The defense should submit a proposed limiting instruction by **Friday, May 14, 2021**.

**THUS DONE AND SIGNED** this 21st day of April, 2021.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[1] As set forth above, this ruling pertains to only one category of evidence the Government seeks to admit. The Court has reserved until trial a ruling on the other two categories of evidence. See Record Document 62.