UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 19-294-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| ORENTHA JAMES PEA (01) | MAGISTRATE JUDGE HORNSBY |

## ORDER

Before the Court is a letter from Defendant Orentha Pea ("Pea") in which he requests that the Court ensure he receive credit for time served in custody from October 7, 2019 until October 28, 2021. Record Document 181. Pea claims that he is being denied these two years' worth of credit, but he has provided no documentation to the Court to substantiate that contention. The Court writes to clarify the issue for the benefit of the Defendant and the Bureau of Prisons.

Pea was arrested by state authorities on January 14, 2019. He was brought into federal custody on October 7, 2019. He remained in federal custody until his sentencing on October 28, 2021. At sentencing, the Court noted the date on which Pea entered state custody, as well as the date on which he entered federal custody. It then sentenced him to ten years' imprisonment, and it made the sentence concurrent with any future state sentence imposed on Counts 1 and 3 of the charges contained in Docket No. 363941 pending in the First Judicial District Court in Caddo Parish, Louisiana. Count 1 was possession of a firearm by a convicted felon and Count 3 was illegal possession of a stolen firearm. However, the Court ordered its federal sentence to run consecutively to any future state sentence imposed for Count Two in Docket No. 363941, that is, aggravated assault

with a firearm. The Court's intent at sentencing was to ensure that the Defendant received credit for the time he spent in custody while his federal charges were pending and he was proceeding through the arraignment, trial, and sentencing phases of the federal system, as well as to ensure its sentence was run concurrent to certain state charges and consecutive to another state charge.

The Court is currently without authority to order the Bureau of Prisons to calculate the Defendant's sentence in any certain manner. See United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992) ("the United States Supreme Court [has] held that § 3585(b) does not authorize a . . . court to compute credit for time spent in official detention at sentencing, but [rather,] credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing."). Thus, if the Defendant believes he is being improperly refused credit for time he has served in federal custody, he must first pursue administrative review of his computations. See United States v. Setser, 607 F.3d 128, 133 (5th Cir. 2010). Only after he has exhausted these administrative remedies may he then pursue judicial review. See id.

**THUS DONE AND SIGNED** this 19th day of December, 2023.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE