UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 19-0294 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| ORENTHA JAMES PEA | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion for reduction of sentence filed by Defendant Orentha James Pea ("Pea"). Record Document 183. Because Pea did not exhaust his administrative remedies prior to filing his motion with the Court, his motion [Record Document 183] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

## Background

On May 26, 2021, Pea was found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). Record Document 117. The Court sentenced Pea to 120 months imprisonment and three years of supervised release. Record Document 148. In the instant motion, Pea contends he is eligible for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) because of his unusually long sentence and rehabilitation.[1] *See* Record Document 183.

---

[1] Pea also refers to Parts A and B of Amendment 821 to the United States Sentencing Guidelines. *See* Record Document 183 at 1. However, Pea is ineligible for relief under both Parts A and B. Pea is not eligible for Part A because he did not receive status points pursuant to U.S.S.G. § 4A1.1(d). Record Document 151 at 12. Pea is not eligible for Part

## Law & Analysis

### I. Exhaustion of Remedies

Historically, only the Director of the Bureau of Prisons ("BOP") could file a motion to reduce an inmate's sentence. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5193, 5239. After the First Step Act of 2018, however, a court may consider compassionate release motions directly from prisoners. 18 U.S.C. § 3582(c)(1)(A). But before a prisoner pursues compassionate release through a district court, he must first exhaust all administrative remedies or wait for a lapse of thirty days from the time he files his request with the warden. *Id.*

The administrative exhaustion provision of 18 U.S.C. § 3582(c)(1)(A) is set out in mandatory terms. The district court can only modify a sentence after the defendant has exhausted his administrative remedies. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). This mandatory language includes no exceptions, equitable or otherwise. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 361 (5th Cir. 2022) ("Mandatory exhaustion regimes brook no exceptions.") (citing *Ross v. Blake*, 578 U.S. 632, 639 (2016)); *see also United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions."). Therefore, this Court may only consider Pea's motion if he has satisfied the aforementioned exhaustion requirement.

Pea did not submit any evidence he complied with the statutory exhaustion requirement. To exhaust his administrative remedies, Pea must submit a request to the

---

B because he was not a zero-point offender. *See* U.S.S.G. § 4C1.1(a)(1). At the time of his sentencing, Pea had eleven criminal history points. Record Document 151 at 12.

warden of his facility requesting relief on specific bases. He must then wait until his request is denied or thirty days pass. *See* 18 U.S.C. § 3582(c)(1)(A). The Court cannot consider Pea's motion unless and until he complies with that statutory exhaustion requirement.

## Conclusion

For the reasons assigned herein, Pea's motion for a reduction of sentence [Record Document 183] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**. Pea may reurge his motion after he has properly exhausted his administrative remedies.

**THUS DONE AND SIGNED** this 16th day of April, 2025.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE